IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 26 2021

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

HELEN JONES                                                                    PLAINTIFF

VS.                                   CASE NO. 3:21-cv-81-BSM

ARKANSAS EARLY LEARNING, INC.                                 DEFENDANT

<u>COMPLAINT</u>

This case assigned to District Judge Miller
and to Magistrate Judge Harris

Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658), in order to recover damages against the defendant for the unlawful employment practices that the plaintiff Helen Jones, has been subjected to on account of her race as well as in retaliation for complaining about discriminatory treatment. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.
Jurisdiction

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658)

2. The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Craighead County, Arkansas.

## II.
## Parties

3. The plaintiff is an African American female, and is a citizen of the United States of America.

4. Arkansas Early Learning, Inc., is a non-profit corporation, that is organized under the laws of the State of Arkansas, and operates as an early learning child center, with its principal office located in Jonesboro, Arkansas.

5. The agent for service of process is Nelson Walter, 1901 Woodsprings Road, Jonesboro, Arkansas 72401.

6. The defendant Arkansas Early Learning, Inc., is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

## III.
## Facts

7. The plaintiff, Helen Jones, is an African American female, and is a resident of the United States of America.

8. The plaintiff was hired by the defendant as a Bilingual Family Service Worker in 2010.

9. Ms. Jones was later promoted to the position of Family Service Administrator in June 2017.

10. On April 30, 2017, the plaintiff was travelling with Jared White to conduct a home visit, when he made the statement that "[h]is family is super racist and that they think white people should still own slaves."

11. The above-mentioned statement by Mr. White was unsolicited, and was not relevant to any conversation that was going on at the time.

12. The plaintiff reported this incident to Ms. Lewis, who simply told the plaintiff to tell him how she felt.

13 The plaintiff spoke with Mr. White about the matter, stating that she was very offended by the comment, and felt that it was racist, and stated that Mr. White needed to apologize to her about the comment.

14. Mr. White became angry, and stated that he would not apologize to her, because it was true.

15. The plaintiff was very offended by the comment, and reported the matter to Mr. White's supervisor – Angela George, with reluctance due to her fear of retaliation.

16. When the plaintiff informed Mr. White's supervisor about the racist comment, she just simply responded by saying, "give him a pass, because he is new to his job."

17. The plaintiff was also new to her job, and thought that the supervisor's response was inappropriate.

18. Shortly after making this complaint about Mr. White's comment, the plaintiff started receiving write-ups by Jared White, that were mostly not warranted.

19. Mr. White issued the plaintiff a write up on or about August 17, 2017, allegedly for "misconduct" due to plaintiff not planning a recruitment event.

20. On or about September 6, 2017, Mr. White issued the plaintiff a write-up for "misconduct" for allegedly not enrolling children in the program.

21. In November 2017, the plaintiff was issued a write-up by Mr. White for failing to schedule a meeting with him.

22. The plaintiff was issued an additional write-up (date unknown) by Mr. White for allegedly failing to meet deadlines, not responding to his emails, etc..

23. Mr. White was not the plaintiff's supervisor.

24. The plaintiff was supervised by Brittany Lewis, who is an African American female.

25. On June 21, 2018, the plaintiff met with Holly Hunt, HR Manager, Jared White, Eligibility Recruitment Section Entitlement and Attendance Manager, and Brittany Lewis, when the plaintiff was informed that when she returned for the 2018 Semester, she would be demoted to the position of Family Service Worker.

26. The plaintiff was advised that she was being issued a write-up by Mr. White, because the plaintiff allegedly failed to meet a deadline.

27. The plaintiff was off during the summer months.

28. When the plaintiff returned to work on August 13, 2018, she was demoted to the position of Family Service Worker.

29. On August 24, 2018, Holly Hunt and Glenn Barris, who serves as Assistant Human Resources Manager, advised the plaintiff that her position was being eliminated, and she was being laid off.

30. The plaintiff's position was the only one that was eliminated.

31. There were several white co-workers of the plaintiff with less seniority, whose positions were not eliminated, nor were they laid off.

32. During the time that the plaintiff served as Family Service Administrator, Jared White allowed the plaintiff's subordinate Avery Collins, who is Caucasian, to be disrespectful and insubordinate to her on a consistent basis.

33. Whenever the plaintiff tried to write Avery Collins up for being insubordinate and/or disrespectful, Mr. White prevented her from doing so.

34. There were times that Ms. Jones would tell Ms. Collins that she needed to do something, and she would simply tell Ms. Jones that she was not going to do it.

35. The plaintiff spoke with Mr. White about why Avery was being disrespectful to her, and Mr. White simply stated that he did not know why Avery Collins treated him with respect, it was either because he was white or was a man.

36. There were two other Family Service Administrators – Jessica Yates and Charlotte Jones.

37. Despite the fact that there were several new hires, who had less seniority than the plaintiff, she was the only person laid off during the time period of August 2018.

IV.
Race Discrimination – 42 U.S.C.S. § 1981

38. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37, supra., inclusive as though set forth herein word for word.

39. The plaintiff was subjected to disparate treatment on account of her race, in that she was not allowed to supervise her subordinates in the same manner that her white Family Service Administrators were allowed to.

40. The plaintiff was prevented from disciplining a white subordinate Avery Collins, who often times was insubordinate and disrespectful to the plaintiff.

41. When the plaintiff complained to Mr. White and other management officials about the conduct of Ms. Collins, Jared told the plaintiff that Ms. Collins respected him because he was white.

42. The plaintiff did not get the support of management in supervising her subordinates, while her white counterparts did.

43. Despite the fact that Mr. White allowed white workers to be disrespectful to the plaintiff, and commit acts of misconduct, including being insubordinate, these workers were not disciplined, and the plaintiff was prevented from issuing disciplinary actions, while on the other hand, the plaintiff was disciplined for alleged acts of insubordination and misconduct.

44. Furthermore, the plaintiff was demoted and then laid off, when white workers with less seniority than the plaintiff was not treated in a similar fashion.

45. The above acts of disparate treatment were committed against the plaintiff due to her race, in violation of 42 U.S.C.S. § 1981.

V.
Retaliation

46. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 45, supra., inclusive as though set forth herein word for word.

47. Shortly after complaining about the racist statement made by Jared White, the plaintiff became the target of Mr. White by receiving unwarranted write-ups, all in an attempt to develop a paper trail in order to justify terminating the plaintiff.

48. The plaintiff was also subjected to retaliation when she was demoted from her Family Service Administrator's position to Family Service Worker's position on or about June 21, 2018.

49. The plaintiff was again subjected to retaliation when she was laid off from her employment with the defendant on August 24, 2018.

VI.
Damages

50. The plaintiff incorporates by reference the allegations contained in paragraphs 1-45 of the plaintiff's complaint, and adopts each as if set out herein word for word.

51. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her race and in retaliation for complaining about discriminatory practices, the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

52. Furthermore, due to the discriminatory and retaliatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

53. The above-mentioned unlawful employment practices were committed by the defendant in reckless disregard to the plaintiff's federally protected rights, making an award of punitive damages warranted.

## JURY DEMAND

54. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

   a. declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race;

   b. reinstatement and back pay;

   c. compensatory and punitive damages;

   d. attorney's fees;

   e. the cost of prosecuting this action;

   f. and for all other equitable, legal, and just relief.

Respectfully submitted,

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr.

Date: April 26, 2021.