IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HELEN JONES                                                    PLAINTIFF

v.                      CASE NO. 3:21-CV-00081-BSM

ARKANSAS EARLY LEARNING, INC.                       DEFENDANT

## ORDER

Arkansas Early Learning, Inc.'s motion for summary judgment [Doc. No. 13] is granted because Helen Jones has failed to establish a *prima facie* case of race discrimination and retaliation.

## I. BACKGROUND

Helen Jones is suing her former employer, Arkansas Early Learning, Inc. ("AEL"), under 42 U.S.C. section 1981 for racial discrimination and retaliation.  Jones is a black woman who alleges that in April 2017, her white male supervisor, Jared White, told her that his "family is super racist and that they think white people should still own slaves."  Compl. at 2.  Jones was offended by the comment and complained to White's supervisor.  Based on White's recommendation, Jones was promoted to Family Service Administrator in May 2017, and was then supervised by White and another black woman named Brittanie Lewis.

Lewis issued a performance correction notice to Jones in August 2017 for failing to follow instructions and failing to adhere to deadlines on three separate occasions.  AEL Br. Supp. Summ. J. Ex. 7, Doc. No. 13-7. Jones received four additional performance correction notices from White for failing to: (1) set up a recruitment event and insubordination during

a team meeting; (2) enroll students with a partner organization; (3) correct enrollment records and engage in communications; and (4) complete subsidy applications and change reports. Doc. Nos. 13-8, 13-9, 13-10, 13-15. The final performance correction notice resulted in Jones being temporarily laid off and demoted. Jones was notified on August 24, 2018, that her position was being eliminated pursuant to an organizational restructuring. Doc. No. 13-21.

Jones alleges that her discipline and termination were racially motivated and in retaliation for complaining about White's racist comment. AEL moves for summary judgment arguing that no facts support Jones's claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

2

III. DISCUSSION

Summary judgment is granted on Jones's section 1981 claims because she fails to establish a *prima facie* case of race discrimination and retaliation.

A.   <u>Race discrimination</u>

There is no direct evidence of discrimination.  Therefore, to survive summary judgment, Jones must create an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Humphries v. Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 692 (8th Cir. 2009).  To establish a presumption of discrimination, Jones must first establish a *prima facie* case of discrimination.  Once she establishes a *prima facie* case, the burden shifts to AEL to articulate a legitimate, nondiscriminatory reason for the adverse employment actions taken against Jones.  *Id.*  If AEL articulates such a reason, the presumption of discrimination disappears and Jones must then prove that the AEL's justification is merely pretext for discrimination.  *Id.*

Summary judgment is appropriate because Jones has failed to establish a *prima facie* case of discrimination.  To meet this burden, Jones must show that: (1) she is a member of a protected class, (2) she was meeting AEL's legitimate expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012).  Although it is uncontested that Jones meets the first and third elements, she has failed to establish

elements two and four.  Jones argues that two of her performance correction notices should have been excused.  *See* Doc. No. 21 at 17–18; Doc. No. 19 ¶¶ 14–18.  Even if this argument is accepted as true, she has failed to show that the other three performance correction notices were improperly issued.  Jones also presents positive performance reviews to demonstrate that she was meeting AEL's expectations.  Pl.'s Br. Opp. Summ. J. Ex. C–F, Doc. No. 21-2. The problem with these reviews is that they were issued to her from April 30, 2014 to August 1, 2016 which was well before the period in question and before she was promoted to Family Services Administrator.  Compl. at 9.

Even if Jones stated a *prima facie* case of discrimination, AEL has provided legitimate non-discriminatory reasons for the actions taken against her, Doc. No. 14 at 13–14, and Jones has failed to show that these reasons are mere pretext.  Jones cites *Ridout*, 715 F.3d at 1083–86, in support of her pretext argument.  In *Ridout*, the Eighth Circuit held that an employer's stated reasons for terminating the plaintiff were pretext because, prior to the termination, the employer had considered the plaintiff's performance satisfactory and the plaintiff was "never . . . counseled or warned about any declining performance prior to his termination."  *Id.*  The problem with this argument is that Jones was counseled on several occasions about her poor performance before the adverse employment actions at issue.

Moreover, in *Ridout*, the court held that other similarly situated employees outside of the plaintiff's protected class were treated more favorably than the plaintiff.  *Id.*  The record herein does not show that other similarly situated employees outside of Jones's protected

class were treated differently. Jones provides Avery Collins and Jessica Yates as comparators; however, neither Collins nor Yates was similarly situated to Jones in all relevant respects. *Id.* at 1085 (comparators must be "similarly situated in all relevant respects."). Collins is not similarly situated to Jones because Collins was employed as a Center Director while Jones was a Family Services Administrator. *See* Doc. Nos. 13-3 ¶ 19; 14 at 12; 19 ¶ 17; *Fercello v. Cnty. of Ramsey*, 612 F.3d 1069, 1082 (8th Cir. 2010) (employees with different positions are not similarly situated).

Jones's deposition testimony is the only evidence that Yates was also a Family Services Administrator. Doc. No. 13-5 at 48–49. This testimony is accepted as true because all evidence must be viewed in the light most favorable to the Jones. Notwithstanding this, Jones has failed to show that Yates was treated differently after committing similar violations. *See Ridout*, 716 F.3d at 1085. Jones testified that Yates was allowed to be disrespectful and insubordinate without punishment; however, Jones has not provided evidence that Yates failed to: submit required training documentation, setup recruitment events, enroll children into AEL programs, correct attendance records, respond to email correspondence, meet with her supervisor when asked to do so, or complete subsidy applications and change reports. Doc. No. 13-5 at 167–68; Doc. No. 21 at 25; Doc. Nos. 13-7, 13-8, 13-9, 13-10, 13-15.

B.   Retaliation

A similar burden-shifting test applies to Jones's retaliation claim and results in the

same outcome.  To establish a *prima facie* case of retaliation, Jones must show that: (1) she engaged in protected activity, (2) she suffered a materially adverse employment action, and (3) a causal connection between the protected activity and the adverse employment action. *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1060 (8th Cir. 1997).  Jones satisfies elements one and two because she complained about White's statement about his family's racist beliefs and was later demoted and terminated.  She has not, however, shown that there is a causal connection between her complaint and the adverse employment action.

Jones complained about White's statement in April 2017 while she was serving as a Family Services Worker. Doc. No. 21 at 32–33.  She was promoted to Family Service Administrator, based on White's recommendation, on May 19, 2017.  Doc. No. 19 ¶ 3; Doc. No. 13-5 at 37.  Her first performance correction notice as a Family Services Administrator was issued on August 17, 2017, she was laid off on June 24, 2018, and her position was eliminated on August 24, 2018.  Doc. No. 19 ¶¶ 14, 20, 32.  Although temporal proximity is not necessary to establish a causal connection, the fourteen-month time gap between the protected activity and Jones's demotion weighs heavily against retaliation being a cause of the adverse action, especially given the fact that Jones was promoted in the interim.  While Jones disputes that her position was eliminated based on corporate restructuring, *see* Doc. No. 19 ¶ 31, she presents no evidence supporting her argument.  Indeed, she admits her position was eliminated along with that of a white colleague.  *Id.* ¶ 32.  Finally, neither of Jones's supervisors made the decision to eliminate her position and the person who made the

decision was unaware of Jones's complaint against White until after Jones was terminated. *See* Decl. of AEL CIO Michael Patterson, Doc. No. 13-1.  Jones cites no evidence to the contrary and merely contends that "[t]his is certainly a question of fact."  Doc. No. 21 at 31.

Even if Jones stated a *prima facie* case of retaliation, AEL has provided legitimate non-discriminatory reasons for the actions taken against her, Doc. No. 14 at 13–14, and Jones has failed to show that these reasons are mere pretext.

## IV. CONCLUSION

For the foregoing reasons, AEL's motion for summary judgment [Doc. No. 13] is granted and this case is dismissed with prejudice.

IT IS SO ORDERED this 12th day of April, 2023.

_____
UNITED STATES DISTRICT JUDGE